# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Alan Bruce Carruthers, | ) | Civil Action No. 6:18-cv-2245-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Aaron Joyner, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12) recommending the Court dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Petition"). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed.

## I. Background

On August 13, 2018, Petitioner Alan Bruce Carruthers filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) On August 17, 2018, the Magistrate Judge gave Petitioner twenty-one days to bring his Petition into proper form.[1] (Dkt. No. 5.) The Magistrate Judge warned that the case was subject to dismissal if Petitioner did not bring his case into proper form within the period required by the order. (Dkt. No. 5.) After Petitioner failed to comply with the first order, the Magistrate Judge issued a second order on September 10, 2018, and gave Petitioner an additional twenty-one days to bring his Petition into proper form.[2] (Dkt.

---

[1] The Magistrate Judge ordered Petitioner to pay the five-dollar ($5) filing fee for a habeas corpus action or complete and return the Form AO 240 (application to proceed *in forma pauperis*).

[2] In the second order, the Magistrate Judge again ordered Petitioner to pay the five-dollar ($5) filing fee for a habeas corpus action or complete and return the Form AO 240 (application to proceed *in forma pauperis*). (Dkt. No. 8).

No. 8). Petitioner did not respond to the second order. The Magistrate Judge recommended dismissing the Petition without prejudice. (Dkt. No. 12).

**II.    Legal Standard**

   **A.    *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

   **B.    Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

## III. Discussion

The Magistrate Judge issued two orders, each providing Petitioner with twenty-one (21) days to bring their case into proper form. The Petitioner failed to respond to either order or provide the items necessary to bring the case into proper form. Petitioner's lack of response to the orders and failure to bring his case into proper form indicates an intent not to prosecute this case and the Petition is therefore subject to dismissal. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Therefore, the Court adopts the Magistrate Judge's R & R and dismisses the Petition.[3]

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 12) is **ADOPTED** as the order of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any

---

[3] While Petitioner did not file any objections he did file a letter with the Court requesting "clarification" on the status of this case and stating that he had another case, Civil Action No. 6:18-1977-RMG-KFM, before this Court. (Dkt. No. 14.) For the sake of clarification, this case, Civil Action No. 6:18-2245-RMG is now dismissed without prejudice, and the other case, 6:18-1977-RMG-KFM, is still pending.

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to comply with the Court's orders. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 5, 2018
Charleston, South Carolina